FILED

2025 Jun-13  PM 04:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK WOODEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 5:25-cv-00684-CLS |
| | ) | |
| RIVER JACOBS; JOHN DOE 1 | ) | |
| AKA OFFICER WARD; JOHN | ) | |
| DOE 2 AKA OFFICER | ) | |
| CLEMMONS; JOHN DOE 3 | ) | |
| JOHN DOE 4; WILLIAM | ) | |
| STREETER; CHADWICK | ) | |
| CRABTREE and JOHN HAMM, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CLEMONS ANSWER TO COMPLAINT

COMES NOW one of the Defendants, Officer Clemons, through undersigned counsel, and responds to the Plaintiff's Complaint (Doc. 1) as follows:

## FIRST DEFENSE

The paragraphs below correspond to the paragraphs of the Complaint. Unless specifically admitted herein, all allegations set forth by the Plaintiff are denied.

## INTRODUCTION

1.    This introductory statement in paragraph 1 of the Complaint contains allegations that do not appear to require a response from this Defendant. However, to the extent that allegations asserted therein about the Plaintiff's rights allegedly

1

being violated and any alleged duties related to the same can be construed as factual allegations asserted against this Defendant and/or that seek to impose liability upon this Defendant, they are denied, and strict proof thereof is demanded.

## ALLEGED JURISDICTION AND VENUE

2.     Paragraph 2 of the Complaint appears to contain legal conclusions regarding this court's alleged jurisdiction over Plaintiff's alleged federal claims and supplemental jurisdiction over Plaintiff's alleged state law claims to which no response is required at this time. However, to the extent these averments allege violations of Plaintiff's Fourth, Eighth and Fourteenth Amendment rights under the Constitution of the United States and/or violation of state law, said averments are denied, and strict proof thereof is demanded.

3.     Paragraph 3 of the Complaint appears to contain legal conclusions regarding this court's alleged venue to which no response is required at this time.

## PARTIES

4.     Admitted as to the averment in paragraph 4 of the Complaint as to the Plaintiff's adult status and custody status and the ADOC facility where he was housed at the time of the alleged incident made the basis of the lawsuit.

5.     Paragraph 5 to the Complaint contains averments regarding another Defendant that do not appear to require a response from this Defendant. However, to the extent that any of the averments can be construed as factual allegations that

seek to impose liability upon this Defendant, he is without sufficient information to admit or deny the allegations contained therein regarding "at all relevant times" and strict proof thereof is demanded.

6. Defendant Clemmons does not have sufficient information to admit or deny the allegations "at all relevant times" as set out in paragraph 6 of the Complaint and strict proof thereof is demanded. Admitted that this Defendant is and has been employed by ADOC as a Correctional Officer at Limestone and that this paragraph states in what capacity this Defendant is being sued.

7. Paragraph 7 to the Complaint contains averments regarding another Defendant that do not appear to require a response from this Defendant. However, to the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, he is without sufficient information to admit or deny the allegations contained therein regarding "at all relevant times" and strict proof thereof is demanded.

8. Paragraph 8 to the Complaint contains averments regarding another Defendant that do not appear to require a response from this Defendant. However, to the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, he is without sufficient information to admit or deny the allegations contained therein regarding "at all times relevant to the events at issue" and strict proof thereof is demanded.

3

9. Paragraph 9 to the Complaint contains averments regarding another Defendant that do not appear to require a response from this Defendant. However, to the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, he is without sufficient information to admit or deny the allegations contained therein regarding "at all times relevant to the events at issue" and strict proof thereof is demanded.

10. Paragraph 10 to the Complaint contains averments regarding another Defendant that do not appear to require a response from this Defendant. However, to the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, he is without sufficient information to admit or deny the allegations contained therein regarding "at all times relevant to the events at issue" and strict proof thereof is demanded.

11. Paragraph 11 to the Complaint does not appear to require a response from this Defendant and states that the Plaintiff is suing each Defendant "individually and in their official capacity."

## FACTS

12. Admitted that Plaintiff was an inmate housed at Limestone as alleged in paragraph 12 of the Complaint. With respect to the remaining allegation, there is not at this time sufficient information to admit or deny the same and strict proof thereof is demanded.

**The Limestone Correctional Facility & The Department of Justice Report**

13.    There is not sufficient information at this time to admit or deny the allegations as set out and worded in paragraph 13 of the Complaint and strict proof thereof is demanded.

14.    There is not sufficient information at this time to admit or deny the allegation in paragraph 14 of the Complaint regarding a report and strict proof thereof is demanded.

15.    Denied as to the averments in paragraph 15 of the Complaint regarding the alleged conditions at Limestone that Plaintiff speculates purportedly caused and/or contributed to his alleged injuries and strict proof thereof is demanded. With respect to the remaining allegations in paragraph 15 regarding what the report allegedly "indicates", there is not sufficient information at this time to admit or deny the same, as worded, and strict proof thereof is demanded.

16.    Denied as to the averments in paragraph 16 of the Complaint regarding the alleged conditions at Limestone that Plaintiff speculates purportedly caused and/or contributed to his alleged injuries and strict proof thereof is demanded. With respect to the remaining allegations in paragraph 16 regarding what the report allegedly "indicates", there is not sufficient information at this time to admit or deny the same, as worded, and strict proof thereof is demanded.

17.    Denied as to the averments in paragraph 17 of the Complaint regarding the alleged conditions, Plaintiff speculates purportedly caused and/or contributed to his alleged injuries and strict proof thereof is demanded. With respect to the remaining allegations in paragraph 17 regarding what the report, which is inadmissible, allegedly actually "states", and Plaintiff's interpretation of the same, there is not sufficient information at this time to admit or deny what the report actually "states", or Plaintiff's general interpretation of the same and strict proof thereof is demanded.

18.    Denied as to the allegations in paragraph 18 of the complaint, as understood, regarding the alleged conduct of officers and supervisors and other officers toward inmates and strict proof thereof is demanded. There is not, however, sufficient information to admit or deny the allegations contained therein about the alleged use of forced that is allegedly according to the inadmissible report and the Plaintiff and strict proof thereof is demanded.

19.    There is not sufficient information at this time to admit or deny the allegations as set out and worded in paragraph 19 of the Complaint regarding the inadmissible report, alleged violations and lawsuit referenced therein and strict proof thereof is demanded.

20.    There is not sufficient information at this time to admit or deny the allegations in paragraph 20 of the Complaint regarding Limestone's alleged design

capacity and alleged statistical data relating to the same and strict proof thereof is demanded.

21.   Denied as to the allegations in paragraph 21 of the Complaint, as understood, regarding Defendants purportedly acting with "deliberate indifference" and strict proof thereof is demanded. There is not, however, sufficient information to admit or deny the remaining alleged "no action" allegation, as worded, contained therein and strict proof thereof is demanded. To the extent Paragraph 21 of the Complaint also contains averments regarding other Defendants, a response regarding the same is not required from this Defendant. However, to the extent that any of the averments regarding other Defendants can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied and strict proof thereof is demanded.

## PLAINTIFF PATRICK WOODEN

22.   The allegation in paragraph 22 of the Complaint is denied as understood regarding "a physical altercation with an inmate" and strict proof thereof is demanded. Denied as to the allegation contained therein that "Plaintiff was not involved in this altercation" and strict proof thereof is demanded. There is not sufficient information at this time to admit or deny the remaining allegations in paragraph 22 regarding when Defendant Jacobs left that day and strict proof thereof is demanded.

23. There is not sufficient information at this time to admit or deny the allegations in paragraph 23 of the Complaint regarding Defendant Jacobs return to work and strict proof thereof is demanded.

24. There is not sufficient information at this time to admit or deny the allegations in paragraph 24 of the Complaint regarding when officers entered Housing Unit G – G Dorm and strict proof thereof is demanded.

25. There is not sufficient information at this time to admit or deny the allegations in paragraph 25 of the Complaint and strict proof thereof is demanded.

26. There is not sufficient information at this time to admit or deny the unclear allegations in paragraph 26 of the Complaint, as worded, regarding who was with whom and the officers who allegedly accompanied Plaintiff to the shift office and strict proof thereof is demanded.

27. There is not sufficient information at this time to admit or deny the allegations in paragraph 27 of the Complaint and strict proof thereof is demanded.

28. There is not sufficient information at this time to admit or deny the allegations in paragraph 28 of the Complaint and strict proof thereof is demanded.

29. Denied as to the allegations asserted in paragraph 29 of the Complaint and strict proof thereof is demanded.

30. Denied as to the allegations as asserted in paragraph 30 of the Complaint and strict proof thereof is demanded.

31.    Denied as to the allegations asserted in paragraph 31 of the Complaint and strict proof thereof is demanded.

32.    Denied as to the allegations asserted in paragraph 32 of the Complaint and strict proof thereof is demanded.

33.    Denied as to the allegations asserted in paragraph 33 of the Complaint and strict proof thereof is demanded

34.    Denied as to the allegations asserted in paragraph 34 of the Complaint and strict proof thereof is demanded.

35.    Denied as to the allegation asserted in paragraph 35 of the Complaint regarding "this [alleged] beating" and strict proof thereof is demanded. There is not sufficient information at this time to admit or deny the remaining allegation in paragraph 35 of the Complaint, as worded, regarding what the Plaintiff claims to have allegedly believed, and strict proof thereof is demanded.

36.    Denied as to the allegations asserted in paragraph 36 of the Complaint and strict proof thereof is demanded.

37.    There is not sufficient information at this time to admit or deny the allegations in paragraph 37 of the Complaint regarding where Plaintiff was taken and what a nurse allegedly stated and strict proof thereof is demanded.

38.    There is not sufficient information at this time to admit or deny the allegations, as worded in paragraph 38 of the Complaint, regarding Plaintiff being

9

photographed and being transported to a hospital in Huntsville, Alabama and strict proof thereof is demanded.

39.     There is not sufficient information at this time to admit or deny the allegations in paragraph 39 of the Complaint regarding the Plaintiff's alleged medical condition and treatment and alleged mental health condition, as alleged therein, and strict proof thereof is demanded.

40.     There is not sufficient information at this time to admit or deny the allegations in paragraph 40 of the Complaint regarding the two and a half months referenced therein, and strict proof thereof is demanded.

41.     Denied as to the allegations in paragraph 41 of the Complaint regarding the alleged "beating" and alleged "cover up" and alleged "meritless disciplinary actions" and strict proof thereof is demanded. There is not sufficient information at this time to admit or deny the remaining allegations in paragraph 41 of the Complaint regarding the alleged "negative consequences to [Plaintiff's] disciplinary file and classification status" and strict proof thereof is demanded.

42.     There is not sufficient information at this time to admit or deny the unclear allegations in paragraph 42 of the Complaint regarding the alleged dangers of Limestone and strict proof thereof is demanded. Denied as to the remaining unclear and overly broad allegations regarding "any of the prisons under the control of the ADOC" in paragraph 42 of the Complaint, to the extent said allegations can

10

be understood, and strict proof thereof is demanded. With respect to the allegations in paragraph 42 of the Complaint regarding other Defendants, a response regarding the same is not required from this Defendant. However, to the extent that any of the allegations regarding other Defendants can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied and strict proof thereof is demanded.

43.    As the allegations in paragraph 43 of the Complaint are, to the extent they can be understood, regarding other Defendants, a response regarding the same is not required from this Defendant. However, to the extent that any of the allegations regarding other Defendants can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied and strict proof thereof is demanded.

44.    Denied as to the allegations in paragraph 44 of the Complaint including, but not limited to, the allegations regarding the alleged use of excessive force, the referenced alleged culture, the purported awareness related to the same and the alleged lack of any action and strict proof thereof is demanded. As to the allegations in paragraph 44 of the Complaint regarding other Defendants, a response regarding the same is not required from this Defendant. However, to the extent that any of the allegations regarding other Defendants can be construed as factual allegations that

11

seek to impose liability upon this Defendant, they are denied and strict proof thereof is demanded.

45.    Denied as to the allegations in paragraph 45 of the complaint, to the extent they are understood and strict proof thereof is demanded. As to the allegations in paragraph 45 of the Complaint regarding other Defendants, a response regarding the same is not required from this Defendant. However, to the extent that any of the allegations regarding other Defendants can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied and strict proof thereof is demanded.

**COUNT I**
**ALLEGED DELIBERATE INDIFFERENCE TO PATRICK WOODEN'S**
**FOURTH, EIGHT, AND FOURTEENTH AMENDMENT RIGHTS UNDER**
**42 U.S.C. §1983**

46.    This Defendant adopts and incorporates by reference and reasserts as if fully set forth herein his answers/responses set out in the above paragraphs as if fully set forth.

47.    Denied with respect to the allegations in paragraph 47 of the Complaint and strict proof thereof is demanded.

48.    Denied with respect to the allegations in paragraph 48 of the Complaint and strict proof thereof is demanded.

49.    Denied with respect to the allegations in paragraph 49 of the Complaint and strict proof thereof is demanded.

50.    Admits to acting under state law as alleged and understood in paragraph 50 of the Complaint but denies acting as alleged in this Complaint.

51.    Denied with respect to the allegations in paragraphs 51 and 51a of the Complaint regarding this Defendant and strict proof thereof is demanded. Paragraphs 51b. and 51c. as well as part of 51a of the Complaint contain averments regarding other Defendants and do not appear to require a response from this Defendant. However, to the extent that any of the said averments regarding other Defendants can be construed as factual allegations that seek to impose liability upon this Defendant, he is without sufficient information to admit or deny the allegations contained therein and strict proof thereof is demanded.

52.    Denied with respect to the allegations in paragraph 52 of the Complaint and strict proof thereof is demanded.

53.    Denied with respect to the allegations in paragraph 53 of the Complaint and strict proof thereof is demanded.

54.    Denied with respect to the allegations in paragraph 54 of the Complaint and strict proof thereof is demanded.

Denied that Plaintiff is entitled to the monetary damages, attorney fees, expenses and costs that he is seeking in the unnumbered paragraph following paragraph no. 54 of the Complaint and strict proof thereof is demanded.

## COUNT II

## ALLEGED VIOLATION OF THE EIGHTH AMENDMENT, 42 U.S.C. § 1983 BY RIVERS, CLEMMONS, WARD, JOHN DOE 3 AND JOHN DOE 4

55.    This Defendant adopts and incorporates by reference and reasserts as if fully set forth herein his answers/responses set out in the above paragraphs as if fully set forth herein.

56.    Denied with respect to the allegations in paragraph 56 of the Complaint and strict proof thereof is demanded.

57.    Denied with respect to the allegations in paragraph 57 of the Complaint and strict proof thereof is demanded.

58.    Denied with respect to the allegations in paragraph 58 of the Complaint and strict proof thereof is demanded and denied as to the allegations asserted in the unnumbered paragraph under paragraph 58 and strict proof is demanded of those allegations as well.

59.    Denied as to allegations regarding "these violations" as asserted in paragraph 59 of the Complaint to the extent the contorted and inaccurate allegations contained therein can be responded to as worded and strict proof thereof is demanded.

60.    Denied with respect to the allegations in paragraph 60 of the Complaint, as understood, and strict proof thereof is demanded.

14

61.    Denied with respect to the allegations in paragraph 61 of the Complaint, as understood, and strict proof thereof is demanded.

62.    Denied with respect to the allegations in paragraph 62 of the Complaint, as understood, and strict proof thereof is demanded.

Denied that Plaintiff is entitled to the monetary damages, attorney fees, expenses and costs that he is seeking in the unnumbered paragraph following paragraph no. 62 of the Complaint and strict proof thereof is demanded.

## COUNT III
## FAILURE TO PROTECT UNDER THE EIGHTH AMENDMENT, U.S.C. 42 U.S.C. §1983 BY

63.    This Defendant adopts and incorporates by reference and reasserts as if fully set forth herein his answers/responses set out in the above paragraphs as if fully set forth herein.

64.    Denied with respect to the allegations in paragraph 64 of the Complaint and strict proof thereof is demanded.

65.    Denied with respect to the allegations in paragraph 65 of the Complaint and strict proof thereof is demanded.

66.    Denied with respect to the allegations in paragraph 66 of the Complaint and strict proof thereof is demanded.

15

67.    Denied as to unclear allegations as asserted in paragraph 67 of the Complaint to the extent the inaccurate allegations contained therein can be responded to as worded and strict proof thereof is demanded.

68.    Denied with respect to the allegations in paragraph 68 of the Complaint and strict proof thereof is demanded.

69.    Denied with respect to the allegations in paragraph 69 of the Complaint and strict proof thereof is demanded.

70.    Denied with respect to the unclear allegations in paragraph 70 of the Complaint and strict proof thereof is demanded.

71.    Denied with respect to the allegations in paragraph 71 of the Complaint and strict proof thereof is demanded.

Denied that Plaintiff is entitled to the monetary damages, attorney fees, expenses and costs that he is seeking in the unnumbered paragraph following paragraph no. 71 of the Complaint and strict proof thereof is demanded.

## COUNT IV
## ALLEGED SUPERVISORY LIABILITY – FAILURE TO SUPERVISE PURSUANT TO 42 U.S.C. §1983

72.    Defendant adopts and incorporates by reference and reasserts as if fully set forth herein his answers/responses set out in the above paragraphs as if fully set forth herein.

16

73.   Paragraph 73 to the Complaint contains averments regarding other Defendants that do not appear to require a response from this Defendant. However, to the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, he is without sufficient information to admit or deny the allegations, as worded, and strict proof thereof is demanded.

74.   Paragraph 74 to the Complaint contains averments regarding another Defendant that do not appear to require a response from this Defendant. However, to the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, he is without sufficient information to admit or deny the allegations, as worded, and strict proof thereof is demanded.

75.   Paragraph 75 of the Complaint contains averments regarding other Defendants that do not appear to require a response from this Defendant. However, to the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied, as worded, and strict proof thereof is demanded.

76.   Paragraph 76 of the Complaint contains averments regarding an inadmissible report and other Defendants that do not appear to require a response from this Defendant. However, to the extent that any of the averments can be construed as factual allegations that seek to impose liability upon this Defendant,

17

they are denied to the extent they can be understood as worded, and strict proof thereof is demanded.

77.    Paragraph 77 of the Complaint contains allegations regarding other Defendants that do not appear to require a response from this Defendant. However, to the extent that any of the allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied, and strict proof thereof is demanded.

78.    Paragraph 78 of the Complaint contains allegations, to the extent they are understood, regarding other Defendants that do not appear to require a response from this Defendant. However, to the extent that any of the allegations can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied, and strict proof thereof is demanded.

79.    Denied as to unclear allegations as asserted in paragraph 79 of the Complaint to the extent the inaccurate allegations contained therein can be responded to as worded and strict proof thereof is demanded.

80.    Denied with respect to the unclear allegations in paragraph 80 of the Complaint and strict proof thereof is demanded.

81.    Denied with respect to the allegations in paragraph 81 of the Complaint and strict proof thereof is demanded.

82.    Denied with respect to the allegations in paragraph 82 of the Complaint and strict proof thereof is demanded.

83.    Paragraph 83 of the Complaint contains allegations regarding other Defendants that do not appear to require a response from this Defendant. However, to the extent that any of the allegations in Paragraph 83 of the Complaint contain allegations regarding other Defendants that can be construed as factual allegations that seek to impose liability upon this Defendant, they are denied, and strict proof thereof is demanded.

84.    Denied with respect to the allegations in paragraph 84 of the Complaint and strict proof thereof is demanded.

Denied that Plaintiff is entitled to the monetary damages, attorney fees, expenses and costs that he is seeking in the unnumbered paragraph following paragraph no 84 of the Complaint and strict proof thereof is demanded.

## COUNT V
## ALLEGED STATE LAW CLAIMS FOR ASSAULT AND BATTERY

85.    This Defendant adopts and incorporates by reference and reasserts as if fully set forth herein his answers/responses set out in the above paragraphs as if fully set forth herein.

86.    Denied with respect to the allegations in paragraph 86 of the Complaint and strict proof thereof is demanded.

87.     Denied with respect to the allegations in paragraph 87 of the Complaint and strict proof thereof is demanded.

88.     Denied with respect to the allegations in paragraph 88 of the Complaint and strict proof thereof is demanded.

89.     Denied with respect to the allegations in paragraph 89 of the Complaint and strict proof thereof is demanded.

90.     Denied with respect to the allegations in paragraph 90 of the Complaint and strict proof thereof is demanded.

Denied that Plaintiff is entitled to the monetary damages, attorney fees, expenses and costs that he is seeking in the unnumbered paragraph following paragraph no 90 of the Complaint and strict proof thereof is demanded.

## **PRAYER FOR RELIEF**

This Defendant incorporates by reference and reasserts as if fully set forth herein his answers/responses set out in the preceding paragraphs 1-90 above. This Defendant denies that the Plaintiff is entitled to any relief and further denies that the Plaintiff is entitled to any of the relief requested and demands strict proof thereof. Defendant also denies that the Plaintiff is entitled to any of the relief sought in subparagraphs a-g set forth under the unnumbered Prayer for Relief section of the Complaint and demands strict proof thereof and further specifically asks that the Court deny the Plaintiff's requests for the relief set forth below as follows.

a.   Deny the Plaintiff's request that this Court assume jurisdiction of the cause and exercise its supplemental jurisdiction of all state claims;

b.   Deny the Plaintiff's request for compensatory and punitive damages separately and severally against the above described Defendants and in their individual and official capacities;

c.   Deny the Plaintiff's request that his classification status be restored to its pre-June 20, 2023 status;

d.   Deny the Plaintiff's request that his classification be adjusted to reflect any changes and/or positive deviations that he would allegedly be due had it not allegedly been impacted on or about June 20, 2023;

e.   Deny Plaintiff's request that his disciplinary file be expunged of all alleged disciplinaries which Plaintiff alleges are meritless and purportedly related to the alleged incident which makes the basis of this lawsuit;

f.   Deny Plaintiff's baseless and unnecessary request that Defendants be enjoined from doing what they are not doing and have not done; and

g.   Deny Plaintiff's request that the Plaintiff be awarded such other, further, and different relief as this Honorable Court may deem appropriate, fair and equitable as any such award would be

21

inappropriate, unfair and inequitable as the Plaintiff is not entitled to any relief.

Specifically, Plaintiff is not entitled to either the alleged compensatory damages or punitive damages or any other damages or relief he is seeking and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendant asserts that he is entitled to qualified immunity.

## FOURTH DEFENSE

Defendant asserts that he is absolutely immune from suit under the Eleventh Amendment to the Constitution.

## FIFTH DEFENSE

Defendant asserts absolute immunity under the sovereign immunity provision of the Alabama Constitution to the extent it is applicable to any of Plaintiff's claims for relief.

## SIXTH DEFENSE

Defendant asserts the defense of state-agent immunity and/or discretionary function immunity including, but not limited to, as set forth in *Ex Parte Cranman*

22

and in Ala. Code Section 36-1-12, and further asserts that he is thus immune from liability with regard to the claims alleged in Plaintiff's Complaint based on and/or related to the same.

## SEVENTH DEFENSE

Defenses of judicial estoppel, res judicata, and issue preclusion are asserted by Defendants.

## EIGHTH DEFENSE

The Plaintiff has failed to mitigate his damages.

## NINTH DEFENSE

There is no causal connection between an alleged act or alleged omission of this Defendant and the alleged injuries or damages alleged in the Complaint.

## TENTH DEFENSE

Defendant denies that he has violated Plaintiff's constitutional rights as alleged.

## ELEVENTH DEFENSE

Defendant asserts the statute of limitations defense.

## TWELFTH DEFENSE

Defendant pleads all available limitation and defenses in the Prisoner Litigation Reform Act, 42 U.S.C. Section 1997e.

## THIRTEENTH DEFENSE

Defendant asserts defenses/objections to an award of punitive damages in violation of the due process clause.

## FOURTEENTH DEFENSE

Defendant cannot be held liable on the basis of respondeat superior, agency, and/or vicarious liability theories.

## FIFTEENTH DEFENSE

Any award of punitive damages in this case against this Defendant would violate his constitutional rights under the United States and Alabama Constitution and Plaintiff is not entitled to punitive damages against this Defendant because he did not engage in any conduct with malice or reckless indifference to the Plaintiff's alleged federally protected rights.

## SIXTEENTH DEFENSE

Plaintiff has failed to allege facts sufficient to support a deliberate indifference claim.

## SEVENTEENTH DEFENSE

Plaintiff has failed to allege facts sufficient to support an excessive force claim.

## EIGHTEENTH DEFENSE

Plaintiff has failed to allege facts sufficient to support a failure to protect claim

and has also failed to allege facts sufficient to support a failure to intervene claim.

## NINETEENTH DEFENSE

This Court lacks jurisdiction as this Defendant is immune from suit.

## TWENTIETH DEFENSE

Defendant denies that Plaintiff is entitled to damages or any other relief requested.

## TWENTY-FIRST DEFENSE

This Defendant is not guilty of the things and matters alleged in Plaintiff's Complaint.

## TWENTY-SECOND DEFENSE

This Defendant asserts that any claims the Plaintiff may have for any compensatory and punitive damages are limited by the statutory caps set forth in 42 U.S.C. § 1981a.

## TWENTY-THIRD DEFENSE

The defenses of contributory negligence, assumption of risk, and self-defense are asserted herein.

## TWENTY-FOURTH DEFENSE

Plaintiff has failed to allege facts sufficient to support an assault and battery claim.

This Defendant reserves the right to amend his Answer to the Complaint.

Respectfully submitted on this 13th day of June 2025.

Steve Marshall
Attorney General

/s/ Mary Goldthwaite
Mary Goldthwaite (asb-3449-a43m)
Assistant Attorney General

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130-0152
(334) 242-7300 (T)
Mary.Goldthwaite@AlabamaAG.gov

**Counsel for Defendant Clemons**

## CERTIFICATE OF SERVICE

I hereby certify that I have on June 13, 2025 filed the foregoing Defendant Clemons's Answer to the Complaint with the Clerk of the Court, using the CM/ECF filing system. I further certify that I have mailed a copy of the foregoing via First Class U.S. Mail, postage prepaid to the following:

Tiffany Johnson Cole
Robert Simms Thompson
Law Offices of Robert Simms Thompson, PC
P.O. Box 830780
Tuskegee, Alabama 36083

/s/ Mary Goldthwaite
*Of Counsel*

26