## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

PATRICK WOODEN,                    )
                                   )
    Plaintiff,             )
                                   )
v.                                 )    CASE NO.: 5:25-cv-00684-CLS
                                   )
RIVER JACOBS; et al.,              )
                                   )
    Defendants.            )

## MOTION FOR CLARIFICATION AND/OR FOR EXTENSION OF TIME

COME NOW the remaining Defendants[1], through undersigned counsel, and respectfully ask for clarification of the Court's Order issued on or about Wednesday, January 14, 2026, regarding the scope of the response due on Tuesday, October 20, 2026, to the Plaintiff's Interrogatories, as follows:

1.     That on October 6, 2025, Plaintiff filed a motion to extend the deadline for amending pleadings and therein stated that "[t]he purpose of this request is purely so that Plaintiff can amend to replace and name the John Doe Defendants upon ascertaining their true and correct names." (Doc. 30 at 9).

2.     In Plaintiff's motion to extend the deadline to amend the pleadings, the Plaintiff stated that "[t]he real and true names of the John Doe Defendants are

---

[1] On or about January 14, 2026, the Court issued a Final Judgment wherein all of the Plaintiff's claims against William Streeter, Chadwick Crabtree, and John Hamm were dismissed with prejudice pursuant to the Defendants' motions to dismiss. (Doc. 34)

known and/or readily ascertainable by Defendants Jacobs, Streeter, Crabtree and Hamm." (Doc. 30 at 2). However, three of the four identified Defendants, namely Streeter, Crabtree and Hamm, have been dismissed as parties to this case. (*See* fn.1; *also see* Doc. 34).

3.    In Plaintiff's motion to extend the deadline to amend the pleadings, the Plaintiff stated that "Plaintiff served upon Defendants discovery requests in hopes of obtaining the names of said John Doe Defendants" (Doc. 30 at 3), and therein Plaintiff specifically identified interrogatory # 4 with respect to interrogatories propounded on certain Defendants and Interrogatory # 5 with respect to interrogatories propounded on the now dismissed Defendants, Hamm Streeter and Crabtree. (Doc. 30 at 3-4).

4.    This specifically identified interrogatory in issue in Plaintiff's Motion (Doc. 30), for which general objections were provided reads: Please state the full name, address, and telephone number of each person who, to your knowledge or that of your agents or attorneys, was present at the scene of the occurrence, which is the subject of this claim either, immediately before, immediately after, or during such occurrence. (*See* Doc. 30 at 4-"Interrogatory #4 (Ward, Jacobs, Clemons, and John Doe Defendants; Interrogatory #5 (Hamm, Streeter, and Crabtree)").

5.    Also, without providing an interrogatory number, Plaintiff referenced

2

one other interrogatory[2] for which general objections were provided wherein Plaintiff italicized in bold type the pertinent section of said interrogatory that reads: "Please describe in full and complete detail the altercation with Plaintiff on or about June 20, 2023 including in your response the time of said altercation, the location of the altercation; each and every time you made contact with Plaintiff; how contact was made; and *any other participants in the altercation*." (Doc. 30 at 5).

6.    However, pursuant to the Court's Order (Doc. 35), which the Defendants' undersigned counsel received on Wednesday, January 14, 2026, [t]he Defendants were ordered to "fully respond to Plaintiffs interrogatories, and to provide the identity of the other, presently unknown correctional officers no later than January 20, 2026". (Doc. 35).

7.    Within this same Order, the Court noted that the Plaintiff was specifically asking "for additional time to ascertain the identity of the "John Doe" defendants who were involved in the alleged events forming the basis of his claims" and the Court allowed the Plaintiff seven additional days to amend his pleadings to properly name the "John Doe" defendants *id.* after the Defendants "fully respond to Wooden's interrogatories, and . . . provide the identity of the other, presently-unknown correctional officers no later than January 20, 2026."

---

[2] This is Interrogatory No. 6 to Jacobs' and Clemons' interrogatories.

(Doc. 35).

8.      Based on the foregoing, it appears that the only response due on Tuesday, January 20, 2026, is a response to Interrogatory No. 4, which is the same interrogatory set out in both  Defendants Jacobs' and Clemons' Interrogatories and the overlapping emphasized section of Interrogatory No. 6 to Defendants Jacobs' and Clemons' Interrogatories, as said Interrogatory No 4 and the overlapping emphasized section of Interrogatory 6 are the only Interrogatory and/or part of an Interrogatory that are identified in the Plaintiff's motion to extend the time to amend the pleadings concerning the current Defendants and Plaintiffs stated intent to obtain the names of John Doe Defendants.

9.      However, if the scope of the response due on Wednesday, January 20, 2026, includes other interrogatories, in addition to Interrogatory No. 4 set out in Jacobs' and Clemons' interrogatories, and the overlapping emphasized section of Interrogatory No 6 to Jacobs' and Clemons' interrogatories which is italicized in bold type, then additional time would be needed to respond to and/or address the same.

WHEREFORE, based on the foregoing the Defendants, through undersigned counsel, respectfully request clarification regarding the scope of the response due on Tuesday, January 20, 2026, and whether the response due is limited in scope to Interrogatory No. 4 to Jacobs' and Clemons' interrogatories and the overlapping

emphasized section of Interrogatory No 6 to Jacobs' and Clemons' interrogatories which is italicized in bold type, or whether the scope of the response due includes responses to additional interrogatories (which are not referenced in Plaintiff's motion) as well as that part of Interrogatory No. 6 that does not concern the identity of the other, presently unknown correctional officers. (Doc. 30). And, if the scope of the response due includes that part of Interrogatory No. 6 that does not concern the identity of the other, presently unknown correctional officers and other interrogatories in addition to the interrogatory in issue, namely Interrogatory No. 4 to Jacobs' and Clemons' interrogatories, and the emphasized section of Interrogatory No. 6 to Jacobs' and Clemons' interrogatories, additional time is requested to allow adequate time to respond to and/or address all of Plaintiff's other Interrogatories.

Respectfully submitted,

Steve Marshall
*Attorney General*

*s/ Mary Goldthwaite*
Mary Goldthwaite
*Assistant Attorney General*

State of Alabama
Office of Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Mary.Goldthwaite@AlabamaAG.gov

25

*Attorney for Defendants River Jacobs,*
*Dustin Ward, and Lawrence Clemons*

## CERTIFICATE OF SERVICE

I hereby certify that I have on January 16, 2026, filed the foregoing Motion for Clarification and/or for Extension of Time with the clerk of court using the CM/ECF filing system which will send notification of the same to all counsel of record. I further certify that I have served a copy of the following via U.S. Mail to the following:

Tiffany Johnson Cole
Robert Simms Thompson
Law Offices of Robert Simms Thompson, PC
P.O. Box 830780
Tuskegee, Alabama 36083

/s/ Mary Goldthwaite
Of counsel

6